UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC NEAL JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:19-cv-1647 JLT<br><br>ORDER GRANTING PLAINTIFF'S APPEAL (DOC. 19) AND REMANDING THE ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF ERIC NEAL JOHNSON, AND AGAINST DEFENDANT ANDREW SAUL, THE COMMISSIONER OF SOCIAL SECURITY |

Eric Neal Johnson asserts he is entitled to disability insurance benefits and a period of disability under Title II of the Social Security Act. Plaintiff argues the administrative law judge erred in evaluating the medical record and his subjective complaints. For the reasons set forth below, the matter is **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## **BACKGROUND**

In August 2016, Plaintiff filed an application for benefits, asserting disability due to deep vascular thrombosis in his right leg, advanced degenerative joint disease in his left knee, "hypercoagulable state of Lupus anticoagulant," hypertension, dizziness, and weakness. (*See* Doc. 11-4 at 2-3) The Social Security Administration denied the application at the initial level and upon reconsideration. (*See generally* Doc. 11-4) Plaintiff requested an administrative hearing on the application and testified before an ALJ on August 1, 2018. (*See* Doc. 11-3 at 16, 33) The ALJ found

Plaintiff was not disabled and issued an order denying benefits on November 21, 2018. (Doc. 11-3 at 16-26) Plaintiff requested review by the Appeals Council, which denied the request on September 17, 2019. (*Id.* at 2-5) Therefore, the ALJ's determination became the final decision of the Commissioner of Social Security.

## STANDARD OF REVIEW

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## DISABILITY BENEFITS

To qualify for benefits under the Social Security Act, Plaintiff must establish he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability,

the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## ADMINISTRATIVE DETERMINATION

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The process requires the ALJ to determine whether Plaintiff (1) is engaged substantial gainful activity, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* The ALJ must consider testimonial and objective medical evidence. 20 C.F.R. §§ 404.1527, 416.927.

Pursuant to the five-step process, the ALJ first determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date of April 20, 2017. (Doc. 11-3 at 18) Second, the ALJ found Plaintiff's severe impairments included: "history of non-occlusive [deep vein thrombosis] of right leg; degenerative joint disease of the bilateral knees, status-post right total knee replacement on April 11, 2018; hypertension; and degenerative disc disease of the lumbar spine." (*Id.* at 19) At step three, the ALJ determined Plaintiff's impairments did not meet or medically equal a Listing. (*Id.* at 21-22) Next, the ALJ found:

> [T]he claimant has the residual functional capacity to perform work as follows: Lift 20 pounds [occasionally]; lift and or carry 10 pounds frequently; and stand and walk not more than 4 hours total in an 8-hour workday. In addition, the claimant can only occasionally climb stairs or ramps. The claimant can frequently balance, but should not kneel, crouch, or crawl, climb ladders, ropes, or scaffolding.

(*Id.* at 22) With this residual functional capacity, the ALJ determined at step four that Plaintiff "was unable to perform any past relevant work." (*Id.* at 24) At step five, the ALJ found "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.*) Thus, the ALJ concluded Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 26)

## DISCUSSION AND ANALYSIS

Plaintiff argues the ALJ had a duty to develop the record and obtain functional assessments from a treating or examining source. (Doc. 19 at 9) In addition, Plaintiff asserts the ALJ erred "by

3

rejecting the more restrictive opinions from non-examining sources without comment." (*Id.*, emphasis omitted)  Finally, Plaintiff contends the ALJ failed to properly consider his subjective statements and incorporate limitations consistent with his testimony in the residual functional capacity.  (*Id.* at 13-15)  The Commissioner argues that "[t]he ALJ gave good reasons supported by substantial evidence, a deferential standard of review, for finding Plaintiff not disabled."  (Doc. 20 at 7)

**A.     Waiver and Duty to Develop the Record**

As an initial matter, the Commissioner argues that "Plaintiff forfeited his duty to develop argument because his attorney advised the ALJ that the administrative record was complete."  (Doc. 20 at 12, emphasis omitted)  Specifically, Plaintiff asserts the ALJ had a duty "to develop the record and obtain an assessment of Plaintiff's physical limitations from a treating or examining source."  (Doc. 19 at 9, emphasis omitted)

The Ninth Circuit determined, "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal" or those issues are forfeited."  *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).  Thus, the Court indicated that when a claimant fails entirely to raise an issue before both the ALJ and the Appeals Council, he "forfeits such a challenge on appeal, at least when that claimant is represented by counsel."  *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) (as amended Feb. 28, 2018); *see also Phillips v. Colvin*, 593 F. App'x 683, 684 (9th Cir. 2015) (finding an "issue was by … failure to raise it at the administrative level when he was represented by counsel").

Importantly, courts have determined that when counsel represents a claimant at the hearing and indicates the record is "complete," the claimant waived any challenge that the ALJ erred by not developing the record.  *See, e.g.*, *Findley v. Saul*, 2019 WL 4072364 at *6 (E.D. Cal. Aug. 28, 2019); *Chavez v. Berryhill*, 2019 WL 4738235 at *10 (N.D. Cal. Sept. 27, 2019) (where counsel stated "unequivocally" that "[t]he record is complete," the court found the plaintiff waived her argument that "the Commissioner failed to develop the record" because the issue was not raised at the hearing); *Michelle Alicia S. v. Berryhill*, 2019 WL 631913 at *8 (C.D. Cal. Feb. 14, 2019) ("the ALJ did not err in not developing the record further," and the claimant "waived her right to make the [argument] by agreeing that the record was complete"); *Morussi v. Astrue*, 2012 WL 5412106 (C.D. Cal. Nov. 5, 2012)

4

(rejecting an argument that "the ALJ erred in failing to obtain additional treatment records" because "[t]he ALJ had no obligation to search for additional records when plaintiff's attorney affirmatively represented that the records were complete").

For example, in *Findley*, the claimant was represented by counsel at the administrative hearing. *Id.*, 2019 WL 4072364 at *6. "[A]t the hearing, the ALJ asked Plaintiff's attorney if the record was complete, and he responded, 'It is indeed.'" *Id.* Despite, this, on appeal, Findley argued the ALJ erred in not developing the record, which included only opinions from the non-examining state agency physicians. *Id.* at *5-6. The Court noted the crux of Findley's argument was that "the ALJ erred by failing to obtain additional medical source opinions." *Id.* at *6. However, the burden was on the claimant "to present evidence of disability" and "the mere absence of a report from a treating or examining physician does not give rise to a duty to develop the record." *Id.* Based upon counsel's representation at the hearing that the record was complete, the Court concluded "the ALJ was not obligated to further develop the record." *Id.*

As in *Findley*, Plaintiff observes that the only medical opinions in the record are from the state agency physicians and argues the ALJ had a duty to develop the record to include "an assessment of Plaintiff's physical limitations from a treating or examining source." (Doc. 19 at 9, emphasis omitted) However, Plaintiff was represented at the administrative hearing by counsel, Jonathan Pena, who is also representing Plaintiff with this appeal. (Doc. 11-3 at 34) The ALJ asked Mr. Pena if he "had the opportunity to review the record." (*Id.*) Mr. Pena confirmed he reviewed the record. (*Id.*) The ALJ inquired whether the record was "complete," to which Mr. Pena responded: "Yes, it is." (*Id.*) Because counsel confirmed the record was complete—and did not raise the issue at the administrative level that the only medical opinions in the record were those of non-examining physicians—the issue has been waived on appeal. *See Meanel*, 172 F.3d at 1115; *Findley*, 2019 WL 4072364 at *6; *Chavez*, 2019 WL 4738235 at *10.

**B.     Evaluation of Plaintiff's Subjective Statements**

Plaintiff testified he had "deep vein thrombosis in [his] right leg" and arthritis in both feet.. (Doc. 11-3 at 40) In addition, Plaintiff stated he had knee issues since 1985, when he was in a car accident that required surgery on his left knee. (*Id.* at 42-43) He reported that due to the left knee

injury, he "favored [his] right knee so long that it actually became deteriorating as well." (*Id.* at 42) Plaintiff said he had right knee replacement surgery in April 2018. (*Id.* at 41)

He reported he felt "physically weaker" from taking blood thinners, and he was unable to stand as long as he could before. (Doc. 11-3 at 40) For example, Plaintiff said he could stand for 15 to 20 minutes before his knees felt sore and his right calf started swelling. (*Id.*) Plaintiff said he walked "without an assistive device," and could walk "two city blocks before …[needing] to rest." (*Id.* at 42-43) However, on a "bad day," he could walk [m]aybe a block" and stand for only "[f]ive, ten minutes" before he needed to sit. (*Id.* at 47) He stated that even after surgery, he continued to have pain and swelling in the right knee, for which he took "[l]ots of Tylenol" because he "refuse[d] to take narcotics." (*Id.* at 43) He stated he also iced his leg and sat "in a relined position as much as possible." (*Id.*) Plaintiff said he spent "8 to 12 hours a day" with his leg elevated. (*Id.* at 44-45) He said he took several power naps throughout the day, that totaled "20 minutes to an hour" together. (*Id.* at 46)

Plaintiff said he and a partner owned a restaurant, that he visited "at least once a week." (Doc. 11-3 at 37) He stated he was "a silent partner," controlling "[t]he financial credit portion." (*Id.*) Plaintiff explained he "dictate[d] how the money is managed and so forth," but he could not "take a profit unless all bills are paid." (*Id.*) According to Plaintiff, the business "filed a loss of $2,000" in the year prior to the hearing. (*Id.*) Plaintiff stated that during his visits to the restaurant, he would "sit at a table" because he did not have an office, and usually spent the entire day there. (*Id.* at 37-38) He stated that he had two chairs on which to elevate his legs in the back of the restaurant. (*Id.* at 45)

1. Standards for reviewing a claimant's statements

In evaluating a claimant's statements regarding the severity of his symptoms, an ALJ must determine first whether objective medical evidence shows an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if there is no evidence of malingering, the ALJ must make specific findings as to credibility by setting forth clear and convincing reasons for rejecting a claimant's subjective complaints. *Id.* at 1036.

If there is objective medical evidence of an impairment, an ALJ may not discredit a claimant's testimony as to the severity of symptoms merely because it is unsupported by objective medical

evidence. *See Bunnell v. Sullivan*, 947 F.2d 341, 347-48 (9th Cir. 1991). The Ninth Circuit explained:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the *Cotton* test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.

*Smolen v. Chater* 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in *Cotton*, 799 F.2d 1403 (9th Cir. 1986)). Further, an ALJ is directed to identify "specific reasons for the weight given to the individual's symptoms," in a manner such that the claimant "and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." Social Security Ruling[1] 16-3p, 2017 WL 5180304 (2017); *see also Moisa v. Barnhart,* 367 F.3d 882, 885 (9th Cir. 2004) (findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony").

An ALJ may consider additional factors to assess a claimant's statements including, for example: (1) the claimant's reputation for truthfulness, (2) inconsistencies in testimony or between testimony and conduct, (3) the claimant's daily activities, (4) an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment, and (5) testimony from physicians concerning the nature, severity, and effect of the symptoms of reported by a claimant. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (an ALJ may consider a claimant's reputation for truthfulness, inconsistencies between a claimant's testimony and conduct, and a claimant's daily activities).

2. The ALJ's analysis of Plaintiff's statements

Addressing Plaintiff's statements regarding his impairments and the severity of his symptoms, the ALJ stated:

> The claimant estimated that he could stand for only 15-20 minutes, and then his knees become sore and his right calf starts to swell. However, as of September 8, 2017, the claimant: "admits he is on and off his feet all day, which is not helping his knees" (Ex. 15F, p. 8). The undersigned appreciates that the claimant had knee pain, that ultimately

---

[1] Social Security Rulings (SSRs) are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner. 20 C.F.R. § 402.35(b)(1). The Ninth Circuit gives the Rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

>necessitated total knee replacement in April 2018. However, standing only 15-20 minutes, as alleged by the claimant, is very much less than being on and off his feet "all day," as the claimant reported he was doing, circa September 2017. The claimant acknowledged that at the time of the hearing, he was able to walk without use of an assistive device such as a cane or walking stick. The undersigned notes that at the time that the claimant filed his application, circa August 2016, he also denied the need to use an assistive device such as a cane (Ex. 6E, p. 7).
>
>To address his pain symptoms, the claimant testified that he took "lots of Tylenol" along with ice, and that he sits in a reclined position as much as possible. The claimant acknowledged that he could walk about 2 city blocks and that he had received no medical treatment for his feet. However, the claimant asserted that he needed to elevate his left foot for 8-8½ hours on average each day, an alleged requirement the undersigned is unable to locate the claimant having reported to his physicians in the record. The claimant added that he also had problems with prolonged sitting because then, his calf starts to swell. The claimant estimated that as often as 3-4 days a week, he suffered "bad days" in which he could walk only "maybe 1 block" and he could sit for only 5-10 minutes. The undersigned finds no durational medical explanation or findings to support the claimant's extreme sitting limitation as subjectively alleged during the hearing.

(Doc. 11-3 at 23)  Plaintiff argues that the ALJ failed to provide "clear and convincing" reasons for rejecting his statements regarding his "symptoms and limitations." (Doc. 19 at 15)

        *a.    Capacity to work*

The Commissioner asserts that "the ALJ reasonably cited Plaintiff's capacity to work cited Plaintiff's ability to work while impaired with the allegedly disabling symptoms" in evaluating the credibility of Plaintiff's subjective complaints. (Doc. 20 at 22, citing AR at 19 [Doc. 11-3 at 20])  In the portion of the decision cited by the Commissioner, the ALJ provided a chronological history of the medical record and noted: "As of September 8, 2017, after reportedly opening a restaurant, the claimant reported that he was "on and off his feet all day, which is not helping his knees." (Doc. 11-3 at 20)  At no point in the decision did the ALJ make a finding that Plaintiff's activity with the restaurant demonstrated a "capacity to work," and the ALJ did not consider Plaintiff's work history in relation to the hearing testimony.

The Court is constrained to review only the reasons identified by the ALJ and cannot consider post-hoc reasoning provided by the Commissioner. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (noting a reviewing court is "constrained to review the reasons the ALJ asserts"); *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001) (decision cannot be affirmed on the basis of a ground that was not invoked in the decision). Because the ALJ did not identify Plaintiff's "capacity to work" or work history as reasons to discount Plaintiff's subjective complaints, the Court is unable to consider

this reason identified by the Commissioner. See id.; see also *Vera v. Colvin*, 2015 WL 7271750 at *7 n.6 (E.D. Cal. Nov. 18, 2015) ("the court declines to consider the Commissioner's additional reason in support of the ALJ's determination").

### b.     *Inconsistent statements*

An ALJ may consider "inconsistent statements concerning the symptoms" a claimant alleges as part of a credibility determination. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Here, the ALJ purports to identify inconsistent statements by Plaintiff regarding his ability to stand. (*See* Doc. 11-3 at 23) In the treatment note to which the ALJ refers, Plaintiff reported he owned a sandwich shop and admitted he was "on and off his feet all day 'which is not helping his knees in any way.'" (Doc. 11-16 at 64) However, it is unclear the extent to which Plaintiff being "on and off his feet" is inconsistent with his testimony that he could stand for 15-20 minutes on a good day, and 5-10 minutes on a bad day, before he needed to sit. (*See id.* at 40, 47)

Further, the ALJ has not identified any conflicting statements from Plaintiff regarding use of an assistive device. Instead, Plaintiff consistently stated that he was able to walk without a cane, walking stick, or other assistive device. (*See* Doc. 11-3 at 23; *see also* Doc. 11-7 at 45 [Exh. 6E, p. 7]; Doc. 11-3 at 43 [hearing testimony]) It is unclear how Plaintiff's candor regarding the fact he did not need an assistive device undermines his credibility regarding the severity of his symptoms. Thus, the Court is unable to find the ALJ identified inconsistent statements that are "clear and convincing" support for the rejection of Plaintiff's testimony.

### c.     *Inconsistency with objective medical evidence*

Generally, "conflicts between a [claimant's] testimony of subjective complaints and the objective medical evidence in the record" can constitute "specific and substantial reasons that undermine … credibility." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). The Ninth Circuit explained, "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch*, 400 F.3d at 681; *see also* SSR 96-7p, 1996 SSR LEXIS 4, at *2-3 (the ALJ "must consider the entire case record, including the objective medical evidence" in determining credibility, but statements "may not be disregarded solely because they are not substantiated by objective medical evidence"). In

rejecting testimony as conflicting with the medical record, it is not sufficient for the ALJ to make a simple statement that the testimony is contradicted by the record. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). The ALJ "must state which pain testimony is not credible and what evidence suggests the claimants are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ did not base her decision solely on the fact that the medical record did not support the degree of symptoms alleged by Plaintiff. However, the other reason identified by the ALJ failed to support the adverse credibility determination, and a conflict with the objective medical evidence is the only reason remaining in support of the credibility finding. Because it is well-established that a claimant's subjective complaints may not be discredited as unsupported by the medical record, this factor alone cannot support the ALJ's decision to reject Plaintiff's testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence").

Moreover, the ALJ failed to identify evidence in the record that conflicted with Plaintiff's testimony concerning his pain. Although the ALJ indicated she found no medical evidence "to support the claimant's extreme limitation" and was "unable to locate" records related to Plaintiff's need to elevate his foot, the treatment record supports Plaintiff's testimony that he needs to keep his leg elevate. Robert McLeod, PA, indicated in September 2017 that he "[s]poke with [Plaintiff] about him elevating his leg above his heart as often as he can to relieve the symptoms of DVT." (Doc. 11-16 at 65) Because the ALJ failed to identify specific evidence in the record that conflicted with Plaintiff's testimony concerning his symptoms and limitations, the objective medical record could not support the decision to reject Plaintiff's statements concerning his need to sit and elevate his leg.

3      Conclusion

The factors considered by the ALJ do not support her decision to reject Plaintiff's statements concerning his physical limitations, and the ALJ failed to reject Plaintiff's testimony "on permissible grounds." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004); *see also Thomas*, 278 F.3d at 958.

**C.    The Residual Functional Capacity**

A claimant's residual functional capacity is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2,

§ 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). In formulating an RFC, the ALJ weighs medical and other source opinions, as well as the claimant's credibility. *See, e.g., Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009).  Further, the ALJ must consider "all of [a claimant's] medically determinable impairments," whether severe or not, when assessing an RFC. 20 C.F.R. §§ 405.1545(a)(2), 416.945(a)(2).

Plaintiff contends the ALJ erred in her formulation of the RFC not only for not incorporating the limitations to which he testified, but also rejecting portions of the opinions identified by Drs. Kohng and Tayloe.  (Doc. 19 at 9-13)  The ALJ noted that Drs. Khong and Tayloe "opined a range of 2 to 4 hours continuous standing and walking for a total of 6 hours standing and walking, which is equivocal with respect to the sedentary or light range of work."  (Doc. 11-3 at 25, citing Exhs. 1A, 3A [Doc. 11-4 at 5-9, 20-22])  In her RFC determination, the ALJ indicated Plaintiff could "stand and walk not more than 4 hours total in an 8-hour workday."  (Doc. 11-3 at 22)  Thus, Plaintiff argues the ALJ committed reversible error by failing to adopt the specific limitations identified by Drs. Khong and Tayloe, who gave a "more limited classification of Plaintiff's ability to stand and walk."  (Doc. 19 at 10, citing *Roach v. Comm'r of Soc. Sec.*, 2019 WL 3026992, at *12 (E.D. Cal. July 11, 2019)).

Significantly, the opinions of non-examining physicians may "serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  "[T]he fact that a non-examining state agency physician fails to review the entire record does not, by itself, mean that his or her opinion cannot serve as substantial evidence." *Maliha K. v. Saul*, 2020 WL 2113671, at *6 (C.D. Cal. May 4, 2020); *see also Meadows v. Saul*, 807 Fed. App'x 643, 647 (9th Cir. 2020) (finding the ALJ did not err in giving great weight to the opinions of non-examining physicians, though they did not review any evidence in the file after a specific date); *Owen v. Saul*, 808 Fed. App'x 421, 423 (9th Cir. 2020) ("there is always some time lapse between a consultant's report and the ALJ hearing and decision, and the Social Security regulations impose no limit on such a gap in time").  On the other hand, the opinion of a non-examining physician is not substantial evidence "if the physician had no opportunity to review subsequent evidence that undermined that opinion." *Maliha K.*, 2020 WL 2113671, at *6 (citing *Hill v. Astrue*, 698

F.3d 1153, 1160-61 (9th Cir. 2012) (a non-examining physician's opinion was not substantial evidence when the physician could not have considered a more recent, severe panic attack).

Plaintiff asserts the decisions of Drs. Khong and Tayloe could not be substantial evidence to support the RFC because "their opinions were not based upon personal examination or access to a complete medical file." (Doc. 19 at 11) Plaintiff observes that after the non-examining physicians reviewed the record in 2016, x-rays that revealed "extensive arthritic changes" in the left foot and degenerative change in the navicular/talar joint in the right foot. (*Id.* at 12, citing AR 551, 573-74, 484-92 [Doc. 11-12 at 48-50; Doc. 11-13 at 2-7; Doc. 11-14 at 22, 44-45]) Plaintiff was advised to elevate his leg above his heart "as often as he can" due to his DVT in September 2017. (*Id.*; *see also* Doc. 11-16 at 65) Plaintiff also underwent imaging of his lumbar spine in February 2018, which showed "severe spondylosis," "facet joint arthropathy on the right," and "milder diffuse spondylosis." (*Id.*; Doc. 11-16 at 81) Finally, Plaintiff had a total right knee replacement in April 2018, as the ALJ acknowledged in her finding of severe impairments. (*Id.*, *see also* Doc. 11-3 at 19)

As Plaintiff argues, the non-examining physicians' opinions were formed without knowledge of Plaintiff's total right knee replacement surgery, his need to elevate his leg, or his severe impairment of degenerative disc disease of the lumbar spine. Because no physician reviewed the imaging results or the clinical findings related to Plaintiff's knee replacement surgery or degenerative disc disease, the ALJ clearly rendered her own medical findings as to the physical limitations caused by these impairments, concluding that Plaintiff could sit for four hours, and engage in limited postural activities.[2] It is well-settled law that an ALJ is not empowered to independently assess clinical findings and may not render her own medical opinion. *See, e.g., Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999) (holding an ALJ erred in rejecting physicians' opinions and rendering his own medical opinion); *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) ("An ALJ cannot arbitrarily substitute his own judgment for competent medical opinion, and he must not succumb to the temptation to play doctor and make his own independent medical findings"); *Nguyen v. Chater*, 172 F.3d 31, 35

---

[2] The ALJ gave more restrictive postural limitations in the RFC than those of the physicians of record, who opined Plaintiff could occasionally kneel, crouch, and crawl. (*Compare* Doc. 11-4 at 9, 21 *with* Doc. 11-3 at 22 [ALJ indicated in the RFC that Plaintiff could never perform these activities])

(1st Cir. 1999) (as a lay person, the ALJ is "simply not qualified to interpret raw medical data in functional terms"). Because the evidence before the ALJ undermined the limitations imposed by Drs. Khong and Tayloe—as implicitly acknowledged by the more restrictive postural limitations identified by the ALJ—their opinions are not substantial evidence in support of the RFC. *See Hill*, 698 F.3d at 1160-61; *Maliha K.*, 2020 WL 2113671, at *6.

**D.     Remand is Appropriate**

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v*, 80 F.3d at 1292. In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

The ALJ failed to identify legally sufficient reasons for rejecting Plaintiff's testimony related to the severity of his symptoms and the resulting limitations. Because the ALJ is obligated to consider the claimant's testimony in determining the RFC, the matter should be remanded for further proceedings. *See, e.g., Bunnell*, 947 F.2d at 348; *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003). In addition, the matter should be remanded because the RFC articulated by the ALJ lacks the support of substantial evidence in the medical record. *See Tackett*, 180 F.3d at 1102-03 (remanding the matter to for reconsideration after finding the ALJ erred by offering his own medical conclusion).

**CONCLUSION AND ORDER**

For the reasons set for above, the Court finds the ALJ erred in evaluating the medical record and Plaintiff's subjective complaints. Consequently, the ALJ's decision cannot be upheld. *See Sanchez*,

812 F.2d at 510. Accordingly, the Court **ORDERS**:

1. Plaintiff's appeal of the administrative decision denying benefits (Doc. 19) is **GRANTED**;
2. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and
3. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff Eric Neal Johnson, and against Defendant Andrew Saul, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **February 25, 2021**              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE